IN THE
TENTH COURT OF APPEALS
 

No. 10-99-327-CR

     REGINA MARIE CAMPBELL,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 18th District Court
Johnson County, Texas
Trial Court # F33584
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Regina Marie Campbell pled guilty to delivery of a controlled substance and possession of a
controlled substance. Punishment was set by the jury at 20 years in prison for the delivery charge
and 10 years in prison for the possession charge. The 10 year sentence was suspended and
Campbell was placed on community supervision. She appeals her sentences and requests a new
punishment hearing. We affirm.
      In her first issue, Campbell complains about the admission of testimony and exhibits relating
to Campbell’s arrest on another offense in 1993. During direct examination at punishment,
Campbell testified about her arrest in 1993 where a large amount of marijuana was found in her
house. Campbell claimed the marijuana was her husband’s. On rebuttal, the State called Mark
Howard, a deputy with the Dallas County Sheriff’s Office, to testify about Campbell’s 1993 arrest
and to sponsor photographs of the drugs and drug paraphernalia found in her home. Campbell
contends on appeal that the testimony and photographs were inadmissible as extraneous offense
evidence. However, Campbell did not object to the admission of this evidence. Therefore, the
complaint has not been preserved for our review. Tex. R. App. P. 33.1. Campbell’s first issue
is overruled.
      In her second issue, Campbell contends, “The trial court committed error in not initiating
action to protect the appellant from obvious ineffective assistance of counsel.” Campbell has not
cited us to any case, nor have we found any, that requires the trial court to police trial counsel if
it perceives ineffectiveness in counsel’s representation. We decline to implement such a
requirement. Her second issue is overruled.
      Having overruled each of Campbell’s issues, the trial court’s judgment is affirmed.
 
                                                             TOM GRAY
                                                             Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed July 18, 2001
Do not publish